UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH LEE MAY, an individual; SCOTT LAWRENCE MAY, an individual; GAVIN ROYD MAY, an individual; and RUSSELL LANE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>RONALD LEE HAAS, an individual; SCHNEIDER NATIONAL CARRIERS, INC., an unknown corporation; and DOES 1 through 40, inclusive,<br><br>Defendants. | No.  2:12-cv-01791-MCE-DAD<br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

Through the present lawsuit, Plaintiffs Jeremiah Lee May, Scott Lawrence May, Gavin Royd May, and Russell Lane ( collectively, "Plaintiffs") seek monetary damages from Defendants Ronald Lee Haas ("Haas") and his employer Schneider National Carriers ("Schneider") in connection with an automobile accident that occurred on July 30, 2011, in the State of Nevada.  Presently before the Court is a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), filed by Defendant Schneider.  (ECF No. 24.)  For the reasons set forth below, Schneider's Motion is GRANTED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. R. 230(g).

# BACKGROUND

On May 29, 2012, Plaintiffs filed this action against Defendants Haas and Schneider in state court alleging causes of action for wrongful death and negligence. (ECF No. 1.) On July 6, 2012, Schneider removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Id.) Subsequently, Plaintiffs filed a Motion to Remand the action to state court pursuant to 28 U.S.C. § 1441(a). (ECF No. 9.) The Court denied Plaintiffs' Motion to Remand in its October 15, 2012 Order. ECF No. 16.) On April 29, 2013, Schneider filed the instant Motion to Transfer Venue seeking transfer to the United States District Court for the District of Nevada, Northern Division in Reno. (ECF Nos. 21-24.)

The accident which gave rise to Plaintiff's lawsuit happened on July 30, 2011, in the State of Nevada. (Compl. ¶¶14-18.) According to the Complaint, Plaintiffs' decedent George May ("Decedent") was driving his automobile eastbound on Interstate Route 80 when the automobile became disabled near Humboldt mile marker 31. (Id. ¶ 16.) While Decedent sat inside his stalled vehicle, a truck owned by Defendant Schneider and operated by Defendant Haas collided with Decedent's vehicle. (Id. ¶ 18). According to Plaintiffs, Defendant Haas's negligence was the cause of the accident which led to Decedent's death. (Id. ¶ 21.) However, according to Schneider, the Nevada Highway Patrol ("NHP") report did not indicate that an autopsy was performed, and Decedent's cause of death remains unknown. (Decl. of Stephen L. Dahm in Supp. of Mot. to Transfer Venue ("Dahm Decl."), filed on April 29, 2013, ECF No. 22, ¶ 17.) While it is possible that Decedent died due to the collision, Schneider intends to investigate the cause of Decedent's death. (Id.)

At the time of his death, Decedent resided in Golconda, Humboldt County, Nevada, which is about 20 miles west of the location of the accident. (Compl. ¶ 1; ECF No. 23 at 2; Dahm Decl. Ex. A.)

///

1  Plaintiffs Jeremiah Lee May, Scott Lawrence May and Gavin Royd May are residents of
2  Colorado, and Plaintiff Russell Lane is a resident of Kansas.  (Compl. ¶¶ 2-5.)  Prior to
3  his death from cancer in October of 2012, Defendant Haas was a resident of
4  Sacramento County, California.  (Compl. ¶ 6; Dahm Decl. ¶ 4.)  Defendant Schneider is
5  a Nevada corporation with its principal place of business in Wisconsin.  (Compl. ¶ 7;
6  ECF No. 23 at 6.)  Schneider maintains a French Camp distribution center in California,
7  which was the starting point of Haas's journey on the day of the accident.  (ECF No. 25
8  at 2.)
9        The determinative facts for a change of venue analysis in this case revolve
10 primarily around the potential witnesses.  The parties agree that the only percipient
11 witnesses to the accident, Decedent and Defendant Haas, are dead.  (ECF No. 23 at 3;
12 ECF No. 25 at 2.)  However, there are many other witnesses to the events before and
13 after the accident, as well as witnesses to the health of Decedent and Defendant Haas
14 prior to the accident, whose testimony the parties expect to use at trial.  In particular,
15 numerous Sheriff's deputies, rescue officers, and firefighters who responded to the
16 scene of the accident live and work in Humboldt County, Nevada.  (Dahm Decl.
17 ¶¶ 10-18.)  Further, Defendants intend to call Michael J. Hornbarger, who supposedly
18 saw a car stopped in the right lane of Interstate 80 just east of the Golconda on-ramp in
19 Nevada with no lights on except for an interior light on the floor about 15 minutes prior to
20 the accident.  (Id. ¶ 9.)  Mr. Hornbarger resides in Winnemucca, Nevada.  (Id.)
21 Additionally, Defendants intend to call Decedent's girlfriend/caretaker Shellie McDowall
22 who, according to the NHP report, stated that Decedent had been suffering from tumors
23 on his frontal lobe and was not feeling well just hours prior to the accident.  (Id. ¶ 6.)
24 Ms. McDowell also resides in Nevada.  (Id.)
25       On the other side, Plaintiffs intend to call several California-based witnesses who
26 can attest to Haas's terminal cancer and the potential impact of Haas's illness on his
27 ability to operate his vehicle on the day of the collision.
28 ///

(Decl. of Derek Scott in Supp. of Pls.' Opp'n to Mot. to Transfer Venue ("Scott Decl."), filed on May 31, 2013, ECF No. 25-1, ¶ 3.)  In particular, Plaintiffs expect to call Haas's treating physicians Dr. Laptalo, Dr. Jones, and Dr. Goldsmith who can "offer opinion as to both his condition at the time of treatment and its likely impact on him on the day of the collision." (Id.)  Plaintiffs also expect to use the testimony of Haas's relatives, friends and colleagues who can provide information "as to the general impacts of [Haas's] illness." (Id.)

## STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).  On a motion to transfer venue, the moving party must make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  Hope v. Otis Elevator Co., 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) (quoting Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986)).  The Court has discretion in deciding whether such transfer is warranted based on an "individualized, case-by-case consideration of convenience and fairness."  Van Dusen, 376 U.S. at 622.

Once the court determines a case could have been brought before the proposed transferee court, it must consider a number of private and public factors relating to the interests of the parties and the judiciary.

///

///

///

4

For example, the court may consider: (1) the plaintiff's choice of forum, (2) respective parties' contacts with the forum, (3) contacts relating to the plaintiff's cause of action in the forum, (4) the cost of litigation in either forum, (5) the ease of access to sources of proof, (6) the complexity of the governing law, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) other factors that, in the interest of justice, impact the convenience or fairness of a particular venue.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–499 (9th Cir. 2000).

## ANALYSIS

As stated above, in determining the propriety of transfer under 28 U.S.C. § 1404(a), the Court must first consider whether the proposed transferee district, here the U.S. District Court for the District of Nevada in Reno, Nevada, is one in which Plaintiffs' action could originally have been brought.  More specifically, the transferee court must: (1) be able to exercise personal jurisdiction over Defendants; (2) have subject matter jurisdiction over Plaintiffs' claims; and (3) be a proper venue.  See Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960).  In the present action, the parties do not dispute that this action could have been brought in the District of Nevada, and that Defendants are subject to personal jurisdiction in that district.  Thus, the Court will turn to the remaining considerations that must be weighed in determining whether a transfer from California to Nevada is appropriate.  However, rather than focusing on all potentially relevant factors, the Court will limit its analysis to the factors that are of significance in this case and those addressed by the parties.

### A.   Convenience of the Parties

In the present case, the factor of convenience of the parties involves balancing Plaintiffs' choice of forum and the parties' contacts with the forum.

While a plaintiff's choice of forum should ordinarily be given "substantial weight," N. Acceptance Trust 1065 v. Gray, 423 F.2d 653, 654 (9th Cir. 1970), "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968); see also Genimi Capital Group v. Yap Fishing Corp., 150 F.3d 1088, 1091 (9th Cir. 1998) (the weight given to plaintiff's choice of forum is diminished when the plaintiff resides outside the chosen forum).  Here, no Plaintiff resides in California, and the accident giving rise to Plaintiffs' instant lawsuit occurred in Nevada.  The State of California does not appear to have any particular interest in adjudicating this case as the only California resident involved, Defendant Haas, is deceased.  On the other side, Nevada's interest in resolving the parties' instant dispute is much stronger given that this case involves the death of one of its citizens on one of its highways.

Plaintiffs also contend that their choice of forum should be given substantial weight because they "are of limited means while Defendant Schneider is a national trucking company of substantial means," and that "Schneider's relative financial resources and ability to easily handle this case in this court weighs heavily against transfer." (ECF No. 25 at 5.)  Although a party's financial situation is relevant in the venue transfer analysis, it is not entitled to great weight. Burke v. USF Reddaway, Inc., 2013 WL 85428, at *2 (E.D. Cal. Jan. 8, 2013).  Unless Plaintiffs can establish financial inconvenience, Plaintiffs' "choice of forum receives no greater weight than that afforded by the general . . . presumption in favor of every plaintiff's choice." Id. at *3.  Since Plaintiffs do not reside in California, the Court fails to see how litigating this case in Nevada would be more expensive or less convenient for Plaintiffs than litigating it in California.

///

///

///

6

1    In sum, because Plaintiffs chose a forum that they have no meaningful connection
2    to, the State of California has no particular interest in the subject matter of this litigation,
3    and because there is no indication that the chosen forum is particularly convenient for
4    Plaintiffs, Plaintiffs' choice of forum is given little weight.  However, Schneider – which is
5    a national company with substantial presence in California – also has failed to
6    demonstrate that it would be greatly inconvenienced by having to litigate this case in
7    California.  Because the burden is on Schneider, as a moving party, to demonstrate
8    inconvenience, this factor weighs slightly against the transfer.

### B. Convenience of the Witnesses

The convenience of non-party witnesses is usually the most important factor in the venue transfer analysis.  Florens Container v. Cho Yang Shipping, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002).  In considering this factor, courts look to "who the witnesses are, where they are located, what their testimony will be, and why such testimony is relevant."  Id. at 1092-93.  "The party seeking a transfer cannot rely on vague generalizations as to the convenience factors.  The moving party is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include."  Id. at 1093; see also Tittl v. Hilton Worldwide, Inc., 2013 WL 1087730, at *4 (E.D. Cal. Mar. 14, 2013) ("[T]o show inconvenience for witnesses, 'the moving party should state the witnesses' identities, locations, and content and relevance of their testimony.'").

In the present case, Schneider has carried its burden of demonstrating that litigating this case in California would inconvenience many out-of-state witnesses whose testimony would be relevant and important at trial.  Schneider's moving papers list potential witnesses by name, state their presumed location, and describe what each person will contribute to the factfinding process.

///

7

1    In particular, according to the Declaration of Schneider's counsel Stephen Dahm,
2    numerous witnesses of the aftermath of the fatal collision at issue, including the first
3    responders, paramedics, firefighters, and police investigators, reside or work in the State
4    of Nevada.  (Dahm Decl. ¶¶ 10-18.)  Further, potential witness Michael J. Hornbarger,
5    who saw an older car stopped in the right-hand lane of Interstate 80 just east of the
6    Gonconda ramp with no light on about fifteen minutes before the accident, also resides
7    in Winnemucca, Nevada.  (Id. ¶ 9.)  All these witnesses are likely to possess information
8    which would be vital in determining the issues of liability and causation.
9         Additionally, the issues of the cause of Decedent's death and Plaintiffs' damages
10   will likely require evidence regarding Decedent's health during the relevant time period.
11   Decedent's girlfriend and caretaker Shelley McDowell, who can testify regarding
12   Decedent's physical and mental health immediately before the accident, is believed to
13   reside in Golconda, Nevada.  (Id. ¶ 6.)  Decedent's physicians and his medical records
14   are also likely located in Humboldt County, Nevada, since Decedent resided in that area.
15   (Id. ¶ 7.)  Thus, numerous non-party witnesses who can testify on the issues of duty,
16   breach, causation and damages live or work in Humboldt County, Nevada, where the
17   accident occurred.
18        For their part, Plaintiffs assert that several California-based witnesses will be
19   inconvenienced if this case is transferred to Nevada.  (ECF No. 25 at 2.)  In particular,
20   Plaintiffs assert that the "testimony [of] medical professionals treating Mr. Haas will be
21   critical in establishing the impact of his terminal cancer on his ability to properly control
22   his semi truck."  (Id. at 7.)  According to Plaintiffs, all of Haas's doctors, including
23   Dr. Laptalo, Dr. Jones, and Dr. Goldsmith, reside in or around Sacramento, California.
24   (Scott Decl. ¶ 3.)  However, the record demonstrates that Haas did not have any
25   treatment pertaining to his cancer and did not see any healthcare providers from April
26   2010 until March 2012.  (Haas Dep., ECF No. 25-2, at 57:22-58:4, 60:2-7.)
27   ///
28   ///

8

1   Thus, any testimony regarding Haas's condition at the time of the July 2011 accident
2   that Haas's physicians can provide as percipient witnesses of the relevant events would
3   be, at best, speculative.  To the extent that Plaintiffs intend to call Haas's doctors as
4   expert witnesses, the convenience of expert witnesses is given minimal, if any, weight in
5   determining if transfer of venue is appropriate.  See Williams v. Bowman, 157 F. Supp.
6   2d 1103, 1108 (N.D. Cal. 2001).  However, Haas did receive an FMCA screening at
7   Sacramento Occupational Medical Group approximately one month prior to the accident
8   (see Haas Dep. at 70:6-21), which is potentially more relevant to Haas's condition at the
9   time of the accident than testimony by his cancer physicians.  Additionally, Haas's wife
10  and his other relatives, friends and colleagues, all of whom reside in California, can
11  potentially testify as to the general impacts of Haas's cancer.  (Scott Decl. ¶ 3.)
12         Finally, according to Plaintiffs, "Mr. Haas's co-workers, supervisors, and
13  mechanics working on the semi, will also largely be found in California." (ECF No. 25 at
14  7.)  However, Plaintiffs do not specify who in particular could provide this information
15  beyond noting that "Mr. Haas worked from the French camp distribution center of
16  Schneider and left from there on the day of the incident."  (Id.)  More importantly, Haas's
17  co-workers and supervisors are likely Schneider's employees, and thus Schneider has
18  some means to secure that these witnesses attend and give testimony in a trial in
19  Nevada.  See Saca v. Molyneux, 2007 WL 2769443, at *2 (E.D. Cal. Sep. 19, 2007); see
20  also Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1147 (C.D.
21  Cal. 2009) ("[C]onvenience of employees is less important than the convenience of
22  non-party witnesses.") (quotation omitted).  Schneider, however, has no means by which
23  to compel non-party witnesses in Nevada to appear and give testimony at a trial in
24  Sacramento, California.
25         In sum, since potential witnesses reside in both California and Nevada, some
26  witnesses will be inconvenienced regardless of whether Schneider's instant motion is
27  granted.
28  ///

9

1   However, upon balancing the number of witnesses affected and the relevance and
2   quality of their expected testimonies, the Court finds that the convenience of non-party
3   witnesses will be best served if venue is transferred.

### C.   Interests of Justice

In the present case, the factors of availability of compulsory process and ease of access to evidence are weighed to determine if venue transfer would serve the interests of justice.

#### 1.   Compulsory Process

The "availability of process to compel the testimony of important witnesses is an important consideration in transfer motions." Arrow Elecs., Inc. v. Ducommun Inc., 724 F. Supp. 264, 266 (S.D.N.Y. 1989). According to Federal Rule of Civil Procedure 45, a subpoena may be served "within the district of the issuing court" or "outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection." Fed. R. Civ. P. 45(b)(2)(A)-(B). Thus, witnesses who are outside of the jurisdiction of the court and are more than 100 miles away from the courthouse cannot be compelled to testify at trial.

In the present case, Plaintiffs intend to use witnesses who reside in or near Sacramento, California, which is within this Court's jurisdiction and thus within the subpoena power of this Court. Schneider, however, lists many Nevada residents as potential witnesses, all of whom reside more than 100 miles away from Sacramento, California.[2]

---

[2] Schneider filed a Request for Judicial Notice asking the Court to take judicial notice of the following distances to the federal courthouse in Sacramento is: 137 miles from Sparks; 296 miles from Winnemucca; 315 miles from Golconda; and 350 miles from Battle Mountain, all of which are in Nevada. (ECF No. 21.)  The Court finds that these driving distances can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned and, in the absence of any opposition from

As with the convenience of witnesses factor, when taking into account the number of witnesses affected and the relative importance of their testimony, the Court finds that the interests of justice will be best served if venue is transferred.

### 2. Ease of Access to Evidence

Relevant evidence in the present case primarily encompasses documents that each party intends to request. Schneider avers that Decedent's medical condition on the day of the collision is relevant to determining the cause of his death and the amount of damages, and intends to subpoena medical records from Decedent's healthcare providers for a "reasonable period of time" before the collision to determine Decedent's health and life expectancy. (Dahm Decl. ¶ 7.) According to Schneider, Decedent's healthcare providers and his medical records are located in or near Golconda, Nevada. (Id.) Additionally, Schneider contends that Decedent's income records will be crucial to determining if and to what extent Plaintiffs have been deprived of Decedent's financial contributions. (Id. ¶ 8.) Schneider believes that the custodians of these records are also located in or near Golconda, Nevada. (Id.) For their part, Plaintiffs assert that evidence related to Haas's medical condition and mechanical condition of his truck and trailer are located in California. (ECF No. 25 at 4.)

As other courts have noted, the "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." Metz, 674 F. Supp. 2d at 1149 (quotation omitted). "The reality of electronic communication and transmission at least dilutes the weight given to this convenience factor." Luchini v. CarMax, Inc., 2012 WL 2401530, at *6 (E.D. Cal. June 25, 2012). Therefore, any difficulties in accessing the evidence must be more significant than those that can be overcome by the availability of electronic data transfer.

---

Plaintiffs, takes judicial notice of these distances pursuant to Federal Rule of Evidence 201(b).

11

Neither side has presented evidence that their desired access to records will be restrained by some factor other than distance, which can be alleviated via electronic data transfer. As to the mechanical records for Haas's vehicle, obtaining those records should not present any difficulty for Plaintiffs because all maintenance and repair records are likely in Schneider's possession and thus should be available to Plaintiffs upon request. Accordingly, the ease of access to evidence factor does not carry much weight in the Court's venue transfer analysis.

Upon balancing the relevant factors, the Court finds that the interests of justice would be best served if this case is litigated in the State of Nevada because the accident occurred in Nevada, most witnesses reside in Nevada, it would be equally convenient for the parties to litigate in Nevada, and the State of Nevada has a greater interest in resolving a case involving the death of one of its citizens on one of its highways. Accordingly, Defendant Schneider's Motion to Transfer Venue is GRANTED.

## CONCLUSION

For the reasons set forth above, Defendant Schneider's Motion to Transfer Venue (ECF No. 24) is GRANTED. The Clerk of the Court is directed to transfer this case to the United States District Court for the District of Nevada in Reno, Nevada.

IT IS SO ORDERED.

Dated: August 2, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT