1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

                                    DISTRICT OF NEVADA
7
                                          * * *
8
                                             )
9    JEREMIAH LEE MAY, SCOTT                  )
     LAWRENCE MAY, GAVIN BOYD MAY,            )        3:13-cv-0430-LRH-WGC
10   RUSSELL LANE,                            )
                                             )
11              Plaintiffs,                   )        ORDER
                                             )
12    v.                                      )
                                             )
13   RONALD LEE HAAS; SCHNEIDER               )
     NATIONAL CARRIERS, INC.,                 )
14                                            )
                Defendants.                   )
15   _____)

16          Before the court is plaintiffs Jeremiah Lee May, Scott Lawrence May, Gavin Royd May,

17   and Russell Lane's (collectively "plaintiffs") objection to the Magistrate Judge's June 30, 2014

18   order denying plaintiffs' motion to compel (Doc. #85[1]). Doc. #87. Defendant Schneider National

19   Carriers, Inc. ("Schneider") filed an opposition to plaintiffs' objection. Doc. #89.

20   **I.      Facts and Procedural History**

21          This action arises from the death of George May. On July 30, 2011, George May was struck

22   by a vehicle driven by defendant Ronald Lee Haas ("Haas") and owned by defendant Schneider. At

23   the time of the accident Haas was acting in the scope of his employment with Schneider as a long

24   haul trucker. George May was killed as a result of the accident.

25   ///

26   ///

_____

[1] Refers to the court's docket entry number.

On May 9, 2012, plaintiffs' - George May's surviving children - filed the underlying

wrongful death action against defendants. Doc. #1, Exhibit A. On January 21, 2014, as part of their

ongoing discovery, plaintiffs sought medical records pertaining to defendant Haas from various

medical facilities. The medical facilities refused to comply with the request for medical records

absent a court order. Subsequently, on May 29, 2014, plaintiffs filed a motion to compel production

of the medical records. Doc. #81.

On June 30, 2014, the Magistrate Judge held a hearing on plaintiffs' motion to compel. *See*

Doc. #85. At the hearing, the Magistrate Judge denied the motion to compel finding that the

requested medical records were not relevant to plaintiffs' wrongful death action. *Id.* Thereafter,

plaintiffs filed the present motion for reconsideration of the June order. Doc. #87.

**II.     Discussion**

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a

magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is

clearly erroneous or contrary to law. In their objection, plaintiffs contend that the Magistrate

Judge's order denying their motion to compel was clearly erroneous because the requested medical

records concerned the health of defendant Haas at the time of the accident, and therefore, are

relevant to their claim that Haas was medically impaired while operating the truck.

The court has reviewed the documents and pleadings on file in this matter and finds that

plaintiffs have failed to show that the Magistrate Judge's order is either contrary to law or clearly

erroneous. First, the court notes that plaintiffs simply rehash the arguments outlined in their

original motion to compel. *See* Doc. #81. Second, plaintiffs fail to introduce any new evidence or

identify any legal or factual error in the Magistrate Judge's order. The court notes that the

Magistrate Judge heard argument on the motion to compel and, at the hearing, made several

specific rulings that addressed the relevancy of the discovery request. *See* Doc. #85. Thus, the

Magistrate Judge took plaintiffs' arguments into consideration before deciding their motion.

Finally, the evidence in this action establishes that defendant Haas was medically certified to

1   operate the vehicle at the time of the accident after having completed a bi-annual medical

2   examination in California only weeks prior to the accident. Accordingly, the court shall affirm the

3   Magistrate Judge's June order.

4

5         IT IS THEREFORE ORDERED that plaintiffs' objection (Doc. #87) is OVERRULED.

6         IT IS FURTHER ORDERED that the Magistrate Judge's order denying plaintiffs' motion

7   to compel (Doc. #85) is AFFIRMED.

8         IT IS SO ORDERED.

9         DATED this 7th day of November, 2014.

10

11  _____

12        LARRY R. HICKS
      UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26